DECISION OF DISMISSAL
This matter is before the court on Defendant's request, contained in its Answer filed July 14, 2009, for dismissal of Plaintiffs' appeal for lack of jurisdiction. The court addressed Defendant's request with the parties during a hearing held September 2, 2009. Michael Cherry appeared for Plaintiffs. Defendant was represented by Faith Derickson. For the reasons set forth below, the court concludes that Defendant's request should be, and is hereby, granted. For ease of reference, the parties will be referred to as taxpayers and the department.
 I. STATEMENT OF FACTS
The appeal involves taxpayers' timely filed 1991 Oregon joint income tax return. The Department of Revenue (department) reviewed the return and determined that taxpayers owed additional tax in the amount of $510. Accordingly, the department issued a Notice of Deficiency November 28, 1994, and a Notice of Assessment January 23, 1995. On May 8, 1995, the department received taxpayers' written objection to the department's assessment. The department deemed the written objection untimely and issued a Notice of Liability Balance on May 26, 1995, denying taxpayers' written objection.
By letter dated August 12, 1996, and received by the department August 26, 1996, the taxpayers filed an appeal with the department challenging the finality of the department's *Page 2 
January 23, 1995, assessment. The department held a jurisdictional hearing February 4, 1997, and subsequently issued an Opinion and Order on March 6, 1997, denying taxpayers' appeal for lack of jurisdiction, because taxpayers did not file their administrative appeal with the department within 90 days of the date of the assessment, as required by then current ORS 305.275(5) and ORS 305.280.[1]
On July 19, 2007, roughly ten years after the department issued its Opinion and Order, taxpayers paid their account for 1991, in full. Plaintiffs then filed an appeal with the Magistrate Division of the Oregon Tax Court nearly two years later, on May 11, 2009. Taxpayers assert that their Tax Court appeal is timely under ORS 305.280(3), because it was filed within two years of the date they paid the tax. The department disagrees, asserting that taxpayers had 60 days from the date of the department's March 6, 1997, Opinion and Order to file an appeal with the Tax Court, and that after the expiration of the 60-day appeal period, the department's decision (Opinion and Order) became final. The department further claims that the provision allowing an appeal within two years of payment of the tax under ORS 305.280(3), is inapplicable in this case. The court agrees.
 II. ANALYSIS
The Magistrate Division of the Oregon Tax Court was established in 1997. Prior to that, the Tax Court had only one division and assessments were appealed to the director of the department. ORS 305.265(15)[2]
(providing that an appeal of an assessment "may be taken to the director of the department); ORS 305.275(1)(d) (providing that a taxpayer aggrieved by an act of the department "may appeal to the Director of the Department of Revenue"). The taxpayer had 90 days from the date of the assessment to appeal. ORS 305.280(2) (1993) (providing that "[a]n *Page 3 
appeal * * * from any notice of assessment * * * issued by the Department of Revenue * * * shall be filed within 90 days from the date of the notice"). A taxpayer unhappy with the director's decision, issued in the form of an Opinion and Order, may appeal the decision to the Oregon Tax Court within 60 days after the order is served on the taxpayer. ORS305.560(1). Under ORS 305.265(14), "[a]ssessments and billings of taxes shall be final after the expiration of the appeal period specified in ORS305.280, and payment of the tax shall not give any person any extension of the period within which an appeal may be taken."
In this case, the department issued its assessment January 23, 1995. That assessment was issued because taxpayers did not timely challenge the department's November 28, 1994, deficiency, by filing a written objection within 30 days of the date of the deficiency, in accordance with ORS305.265(5).
As indicated above, taxpayers had 90 days from the date the assessment was issued to appeal the assessment to the department. ORS 305.280(2). Approximately two weeks after the 90-day deadline, taxpayers, on May 8, 1995, filed a "written objection" with the department. Filing a "written objection" was an improper course of action at that time because the law then, as now, only provides for the filing of written objections within 30 days of the date of the issuance of a deficiency. ORS 305.265(5). After that 30-day period, the department "shall assess the deficiency, plus interest and penalties," and send notice to that effect to the taxpayer. ORS 305.265(7).
Here, taxpayers took no timely action from the deficiency or assessment. On May 26, 1995, several weeks after the department received taxpayers' untimely written objection, the department issued a notice of liability balance. Taxpayers apparently did not pay the tax and other charges, or take any other timely action from the notice of liability balance. *Page 4 
More than a year later, on August 26, 1996, the department received a letter from Michael Cherry stating in part: "I wish to appeal that an assessment is final." (Def's Ex D1.) The department then held a jurisdictional hearing and, on March 6, 1997, issued an Opinion and Order denying taxpayers' appeal for lack of jurisdiction. The notice of appeal rights at the bottom of the department's Opinion and Order correctly advised taxpayers that they had 60 days to file a Complaint with the Tax Court. Taxpayers responded roughly four months later by paying the tax at issue for 1991.
Nearly two years after paying the tax, on May 11, 2009, taxpayers appealed to the Tax Court, Magistrate Division, under the provisions of ORS 305.280(3) (2007). That statute provides in relevant part:
 "Notwithstanding subsection (2) of this section [which requires an appeal of an assessment within 90 days of the date of the notice], an appeal from a notice of assessment * * * may be filed within two years after the date the amount of tax, as shown on the notice and including appropriate penalties and interest, is paid."
The legislature added that statutory provision to the Oregon laws in 1999. The question is whether that provision — enacted approximately four years after the assessment in this case became final, and two years after taxpayers' right to appeal the department's Opinion and Order lapsed — entitles taxpayers to appeal their 1991 tax liability because they appealed within two years of the time in which they paid their 1991 tax liability, on July 19, 2007.
The court concludes that, in this case, taxpayers cannot appeal under ORS 305.280(2) because they are not appealing the department's January 23, 1995, assessment, but rather the department's March 6, 1997, Opinion and Order. That is so because taxpayers already appealed the assessment to the department, and the department issued a decision regarding the appeal back in March 1997. Per ORS 305.560(1), taxpayers had 60 days to appeal the department's Opinion and Order, and they missed the 60-day appeal window. Under ORS 305.265(14), the assessment *Page 5 
then became final. Moreover, the law in effect at that time not only provided that the assessment became final when the appeal period expired but, further, that the "payment of the tax shall not give any person any extension of the period within which an appeal may be taken." Id. Thus, the subsequent legislative enactment of the statutory provision allowing for an appeal of an assessment within two years of payment of the tax is inapplicable in this case.
 III. CONCLUSION
The court concludes that taxpayers' appeal must be dismissed as untimely because it was filed approximately twelve years after the department issued its Opinion and Order pertaining to taxpayers' appeal of the department's January 23, 1995, assessment for the 1991 tax year. Accordingly, taxpayers are not appealing the department's assessment, and the provision in ORS 305.280(2) (2007) allowing for an appeal within two years of the payment of the tax is inapplicable. Now, therefore,
IT IS THE DECISION OF THIS COURT that taxpayers' appeal must be, and is hereby, dismissed as untimely.
Dated this ____ day of October 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on October 27,2009. The Court filed and entered this document on October 27, 2009.
[1] The department's Opinion and Order (No. 96-6078) does not indicate which edition of the Oregon Revised Statutes (ORS) it relied on, but the relevant language of the 1993 and 1995 editions are identical.
[2] Unless otherwise stated, all references to the Oregon Revised Statutes (ORS) are to 1993. *Page 1